BRYSON, Circuit Judge,
dissenting.
Section 8.1 of the License Agreement at issue in this case defines an event of default to include Bradley’s failure to pay royalties when due, followed by a written notice from Lawler requesting payment of the royalties. That section of the Agreement further provides that upon the occurrence of any event of default, “the non-defaulting party may deliver to the defaulting party written notice of intent to terminate, such termination to be effective thirty (30) days after the date set forth in such notice.”
Although Lawler’s efforts to give notice of default and notice of termination were inelegant, they were sufficient to satisfy the requirements of the agreement. The December 22, 2003, letter from Lawler advised Bradley that it had underpaid royalties (an assertion that was subsequently determined to be true). Because the Li *44 cense Agreement merely required written notice requesting payment of royalties in order to provide notice of default, that letter was sufficient. And even if it was not, the subsequent letter sent by Lawler on June 21, 2004, which stated that Lawler continued to press the demand made in its December 2003 letter, was surely sufficient notice of default.
As for the required notice of termination, the December 20, 2005, letter advised Bradley of Lawler’s intent to terminate the agreement, which is all that section 8.1 of the agreement required. The district court, and now this court, have found the December 20, 2005, letter insufficient because it failed to identify, with sufficient specificity, the shortfall in royalty payments as the cause of the claimed default. But the License Agreement does not require the termination letter to specify the cause of the default as long as a sufficient notice of default has previously been sent.
Even if specificity were required, the December 20, 2005, letter referred to Bradley’s “continued default under the License Agreement” and alluded to Bradley’s “breaches of the royalty payment and other provisions of the License Agreement.” And even if that constituted insufficient notice of termination, the February 8, 2006, pleading filed by Lawler, which contained a lengthy section complaining of the underpayment of royalties, satisfied any requisite specificity as to the reason for termination.
For the foregoing reasons, I would rule that Lawler’s notice of default and notice of termination were sufficient to satisfy the requirements of the License Agreement and would reverse the contrary decision of the district court. I therefore respectfully dissent.